THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMMY MINKLER and ANTHONY SLAMIN, individually and as class representatives,<br><br>                            Plaintiffs,<br><br>    v.<br><br>TRANSPORTATION DEMAND MANAGEMENT, INC. dba Starline Transportation, and BECKY PRITCHETT,<br><br>                            Defendants. | No. CV 05-0906RSL<br><br>PRELIMINARY ORDER CERTIFYING SETTLEMENT CLASS, AUTHORIZING NOTICE AND SETTING HEARING FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

This matter came before the Court on the parties' Joint Motion for Preliminary Order Certifying Settlement Class, Authorizing Notice and Setting Hearing for Final Approval of Settlement Agreement ("Joint Motion"). In conjunction with the Joint Motion, the parties have filed a Stipulation of Settlement, which includes a copy of the parties' signed March 30, 2006 Settlement Agreement as Exhibit A.

WHEREAS, the Court has considered the parties' Joint Motion; the parties' accompanying Stipulation of Settlement, including attached Exhibits A-F; the Declaration of Nancy W. Anderson and attached Exhibits A-B; plaintiffs' supplemental memorandum in support of class action; the Declaration of David N. Mark; the parties' preliminary settlement hearing memoranda and the authorities cited therein; the parties' joint submission in response

PRELIMINARY ORDER CERTIFYING
SETTLEMENT CLASS - 1

to the July 31, 2006 minute order regarding class action settlement (the "Joint Submission"), and all of the other pleadings, papers and filings herein;

WHEREAS, as used herein, all terms defined in the parties' Settlement Agreement shall have the same meaning here; and

WHEREAS, good cause appearing therefor because the parties' Settlement Agreement is within the range of reasonableness and is presumptively valid, therefore,

IT IS HEREBY ORDERED as follows:

1. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and in conjunction with the Settlement Agreement, the Court hereby certifies this case as a class action, solely for purposes of implementing the parties' Settlement Agreement, on behalf of the following Settlement Class:

> All current and former employees of Transportation Demand Management, Inc. dba Starline Transportation who performed gratuity charter runs any time between April 1, 2002 and May 20, 2005, and all current and former bus drivers employed by bus companies with whom Starline contracted and who worked on one or more gratuity charter "farmout runs" any time between April 1, 2002 and December 31, 2004.

The Settlement Class shall exclude all Released Parties, and any persons who are excluded from being members of the Settlement Class by virtue of Paragraph 9 of this Order and/or Subparagraphs 3(b), 5(b) and 5(e) of the Settlement Agreement. The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for the Settlement Class. Specifically, the Court finds as follows:

　　　　a. The Settlement Class, which consists of approximately 50 to 100 or more persons, is so numerous that joinder of all members is impracticable.

　　　　b. There are questions of law and fact common to the Settlement Class, including (i) whether the monies collected by Starline as a gratuity during the Class Period were income to Starline or wages to the Settlement Class; (ii) the meaning and interpretation of "gratuities" and "deductions" under federal and state wage and hour law; and (iii) whether

PRELIMINARY ORDER CERTIFYING
SETTLEMENT CLASS - 2

defendants' gratuity and bus damages practices and policies complied with the requirements of federal and state wage and hour laws during the Class Period.

   c. The claims of the Named Plaintiffs are typical of the claims of the Settlement Class, and the Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

   d. Certification of a Settlement Class under Fed. R. Civ. P. 23(b)(3) is appropriate because questions of law and fact common to all Settlement Class Members predominate over any questions affecting only individual members, and a class action is superior to other available means for the fair and efficient resolution of this controversy. Such common questions of law and fact include (i) whether the monies collected by Starline as a gratuity during the Class Period were income to Starline or wages to the Settlement Class; (ii) the meaning and interpretation of "gratuities" and "deductions" under federal and state wage and hour law; and (iii) whether defendants' gratuity and bus damages practices and policies complied with the requirements of federal and state wage and hour laws during the Class Period.

2. Pursuant to Fed. R. Civ. P. 23, Named Plaintiffs Tammy Minkler and Anthony Slamin are hereby appointed and designated, for all purposes, as the representatives of the Settlement Class, and David Mark of the Law office of David N. Mark, is hereby appointed and designated as Class Counsel for the Named Plaintiffs and the Settlement Class.

3. Class Counsel are authorized to act on behalf of the Named Plaintiffs and the Settlement Class with respect to all acts or consents required by or which may be given pursuant to the Settlement Agreement or such other acts which are reasonably necessary to consummate the Proposed Settlement.

4. The Court approves the parties' proposed forms of Notice of Proposed Settlement Agreement and Dismissal of Class Action ("Settlement Notice"), and Published Notice of Proposed Settlement Agreement and Dismissal of Class Action ("Published

PRELIMINARY ORDER CERTIFYING
SETTLEMENT CLASS - 3

Notice"), which are attached as Exhibits C and E respectively to the parties' Stipulation of Settlement.

5. Consistent with the terms of the Settlement Agreement, defendants are hereby directed to mail, or cause to be mailed, a copy of the Settlement Notice to each potential Settlement Class Member no later than September 19, 2006. In addition, defendants are hereby directed to publish the Published Notice in accordance with the terms of the Settlement Agreement.

6. Pursuant to Fed. R. Civ. P. 23, the Court hereby finds and concludes that the form and manner of giving notice by mailing a Settlement Notice to each individual Settlement Class Member and publishing the Published Notice as required by the Settlement Agreement, the Joint Submission, and by this Order, is the best notice practicable under the circumstances. Said notice procedures fully satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and CR 23(e), and the requirements of due process.

7. Pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act ("CAFA"), counsel for defendants has certified that notice of the proposed settlement was served upon the Attorney General of the United States and the Attorney Generals for each state in which Settlement Class Members are last known to reside (to the extent that such residence is known), including Washington state. Such notice was accomplished within ten (10) days after the proposed settlement was filed in this Court. Notice included the following documents as required by CAFA, 28 U.S.C. § 1715(b):

    a. The Complaint;

    b. Notice of the parties' Joint Motion For Order Certifying Settlement Class, Authorizing Notice And Setting Hearing For Final Approval Of Class Action Settlement;

    c. The parties' proposed Notice of Proposed Settlement Agreement and Dismissal of Class Action, and the parties' proposed Published Notice of Proposed Settlement Agreement and Dismissal of Class Action;

PRELIMINARY ORDER CERTIFYING
SETTLEMENT CLASS - 4

        d.      The parties' March 30, 2006 Settlement Agreement;

        e.      The parties' proposed Preliminary Order Certifying Settlement Class, Authorizing Notice and Setting Hearing for Final Approval of Class Action Settlement Agreement;

        f.      The parties' proposed Final Judgment and Order Approving Settlement Agreement and Dismissing Class Action;

        g.      The parties' proposed Participation Form; and

        h.      Information regarding the Settlement Class as required under 28 U.S.C. § 1715(b)(7).

Accordingly, defendants' notice complied with the Notice Requirements of CAFA, 28 U.S.C. § 1715(b).

      8.      On December 4, 2006, at 8:30 a.m., a Final Settlement Approval Hearing will be held before the Honorable Robert S. Lasnik at the United States District Court for the Western District of Washington, to determine whether the Court should approve the fairness, adequacy and reasonableness of the terms and conditions of the Settlement Agreement and whether the Court should enter the parties' proposed Final Judgment, which is attached as Exhibit F to the parties' Stipulation of Settlement.

      9.      The date set forth above for obtaining final approval of the proposed settlement has been set no earlier than ninety (90) days after the later of the dates on which the federal and state officials listed in Paragraph 7 above were served, as required by the CAFA, 28 U.S.C. § 1715(d).

      10.      On or before November 21, 2006, the parties shall file any final memoranda or other papers they wish to submit in support of the proposed Settlement Agreement, which papers shall include sworn affidavit(s) or declaration(s) from the person(s) under whose general direction the mailing of the Settlement Notice, and the publication of the Published Notice, was prepared and made.  Such affidavit(s) or declaration(s) shall confirm that such

PRELIMINARY ORDER CERTIFYING
SETTLEMENT CLASS - 5

mailing and publication was made and completed in accordance with the requirements of this Order.

11. Any Settlement Class Member who is eligible to exclude him or herself from this Class Action under the terms of the Settlement Agreement must do so by following the instructions for requesting exclusion from the Settlement Class as set forth in the Settlement Notice. All requests for exclusion from the Settlement Class must be submitted no later than November 20, 2006, in accordance with the instructions in the Settlement Notice and the terms and requirements of the Settlement Agreement, or they shall be deemed void and ineffective.

12. Any Settlement Class Member may enter an appearance through counsel of such Settlement Class Member's own choosing and at such Settlement Class Member's own expense. Any such Settlement Class Member who does not personally appear or otherwise enter an appearance at the Final Settlement Approval Hearing shall be deemed to be represented by Class Counsel as provided above.

13. Any Settlement Class Member who has not validly requested exclusion, or who is not otherwise excluded from the Settlement Class under Subparagraphs 3(b), 5(b) and 5(e) of the Settlement Agreement, may submit written objections to the Settlement Agreement by mailing to Class Counsel and counsel for defendants at the addresses provided in the Settlement Notice, a written statement containing the Settlement Class Member's name, current address and the substance of his or her objection (including any briefs and supporting papers) no later than November 20, 2006. Upon receipt of such written objections from any Settlement Class Member, Class Counsel will promptly file a copy of the written objections with the Court no later than November 21, 2006. Any Settlement Class Member may also appear personally or through counsel at the Final Settlement Approval Hearing to express the Settlement Class Member's views regarding the Settlement Agreement. Only Settlement Class Members who object to the Settlement Agreement in writing, in person, or by

PRELIMINARY ORDER CERTIFYING
SETTLEMENT CLASS - 6

1  appearance through counsel, in accordance with the procedures set forth in this Order and the
2  Settlement Agreement, shall be permitted to appeal or otherwise seek review of this Court's
3  decision approving or rejecting the Settlement Agreement.  Failure to follow the procedures
4  for objecting set forth herein shall constitute a waiver of the Settlement Class Member's right
5  to object to the Settlement Agreement.

6        14.    The Final Settlement Approval Hearing, and all dates provided for herein, may,
7  without further notice to the Settlement Class, be continued or adjourned by order of this
8  Court.

9        15.    Consistent with Subparagraphs 6(a) and 6(b) of the Settlement Agreement,
10 neither this Preliminary Order, nor the fact or substance of the Settlement Agreement, nor the
11 fact or substance of the Joint Motion, shall be considered a concession or admission, nor shall
12 they be used against any of the Released Parties or Releasing Parties as an admission, waiver
13 or indication with respect to any claim, defense or assertion/denial of wrongdoing or legal
14 liability.

15       16.    In the event the Settlement Agreement does not become effective in
16 accordance with the terms of the Settlement Agreement, or the Settlement Agreement is not
17 finally approved, or the Settlement Agreement is terminated, canceled or fails to become
18 effective for any reason, this Order shall be rendered null and void and shall be vacated, and
19 all claims and defenses previously asserted by the parties shall be reinstated, and the Court
20 shall enter further appropriate orders governing the proceedings and establishing a revised
21 case schedule in this matter.

22       DATED this 18th day of August, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

PRELIMINARY ORDER CERTIFYING
SETTLEMENT CLASS - 7